IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| HUMBERTO MOLINA AS JUDGMENT CREDITOR OF ALBERTO VARGAS § § § § § § § § § § § § | CASE NO. 5:21-cv-00363 |
| VS. | |
| AMERICAN ACCESS CASUALTY COMPANY AND A-MAX AUTOMOBILE INSURANCE COMPANY | DEFENDANT DEMANDS A JURY |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant A-Max Automobile Insurance Company ("A-Max" or "Defendant"), in Cause No. 2021-CI-04266 pending in the 438th Judicial District Court of Bexar County, Texas, files this Notice of Removal to the United States District Court for the Western District of Texas, San Antonio Division, on the basis of diversity jurisdiction and would respectfully show the Court as follows:

**I.**
**Background and Procedural History**

1. This is an insurance coverage action. A-Max was an insurance agency that facilitated the issuance of a policy of insurance from American Access Casualty Company, insurance policy No. 42AU000487699, to Annette Vargas (the "Policy"). The Policy provided coverage for a 2008 Mitsubishi Lancer ES (the "Vehicle"). Plaintiff alleges that on or about September 8, 2017, Alberto Vargas caused an accident white driving the Vehicle in which Plaintiff suffered severe injuries and damages. Plaintiff reported the claim, and it was assigned Claim No. 1709142972-030 ("the Claim").

1

2. Plaintiff filed suit against Vargas and took a default judgment. After the default judgment became final, on March 8, 2021, Plaintiff filed suit against Defendant A-Max in the matter styled *Humberto Molina as Judgment Creditor of Alberto Vargas v. American Access Casualty Company and A-Max Automobile Insurance Company*: Cause No. 2021-CI-04266; in the 438th Judicial District Court of Bexar County, Texas (the "State Court Action"). In his petition, Plaintiff asserts claims for breach of contract, bad faith, fraud and violations of the Texas Insurance Code Deceptive Trade Practices Act based on a turnover order that may be improper.

3. Defendant was served on March 12, 2021, and files this Notice of Removal within the thirty-day period required under 28 U.S.C. § 1446(b).

## II.
## BASIS FOR REMOVAL

4. Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a), and 1446.

**A.    There is Complete Diversity of Citizenship.**

5. Plaintiff Humberto Molina is a citizen of Texas.

6. Defendant American Access Casualty Company is an Illinois corporation and maintains its principal place of business in Illinois. As such, for diversity purposes, American Access Casualty Company is a citizen of Illinois §1332(c)(1).

7. Defendant A-Max Automobile Insurance Company is a Texas corporation and maintains its principal place of business in Texas; however, A-Max has been improperly joined. As such, its citizenship must be disregarded for purposes of removal. *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 572-73 (5th Cir. 2004).

8. Though diversity jurisdiction requires complete diversity of the parties, a case involving a non-diverse defendant may nevertheless be removed to federal court if it is established

that the non-diverse defendant was improperly joined. *Pharos Capital Grp., LLC v. Nutmeg Ins. Co.,* 999 F.Supp. 2d 947, 951 (N.D. Tex. 2014); *see Smallwood,* 385 F.3d at 574. Improper joinder can be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby,* 326 F. 3d 644, 647 (5th Cir. 2003).

9. Here, Plaintiff has asserted claims against A-Max in connection with its role in the in the issuance of the Policy. Courts have found that cases brought against insurance agents when suing an insurance company to try and to prevent removal, is improper joinder in such circumstances. *See, Waters,* 158 F.R.D. at 109. Courts have explained that such cases can be an example of a dispute over insurance coverage "clothed in legal garb woven with a multitude of legal theories designed to maximize" his gain and impose liability on third party "because of [the] alleged relationships to the insurance coverage dispute." *See Mclaren v. Imperial Cas. & Indem. Co.,* 767 F.Supp. 1364, 1367 (N.D. Tex. 1991) granting summary judgment for agent and finding fraudulent joinder), *aff'd,* 968 F.2d 17 (5th Cir. 1992), *cert. denied,* 507 U.S. 915 (1993).

10. Further, no reasonable basis exists for Plaintiff to recover against A-Max because Plaintiff's Original Petition fails to state any specific actionable conduct on its part sufficient to support the causes of action asserted against it. In order to mask the lack of a factual basis for his claims against A-Max, Plaintiff's Original Petition generically asserts allegations and claims against all "Defendants" collectively and purposefully fails to allege any representation specifically made by A-Max or any specific contract between Plaintiff and A-Max. *See* e.g. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (affirming district court's finding of improper joinder of non-diverse insurance agent on grounds that plaintiffs undifferentiated

liability averments against the "Defendants" failed to state any actionable conduct against the non-diverse agent).

11. It is plain that all of the damages Plaintiff seeks in this suit arise from Access Casualty Company's alleged failure to adequately compensate Plaintiff for his injuries. A-Max has no authority to deny the claim on behalf of American Access Casualty Company.A-Max also has no authority to pay a claim on American Access Casualty Company's behalf. A-Max was not in contractual privity with Plaintiff, and Plaintiff does not contend that it was. Because Plaintiff has stated no legitimate cause of action against A-Max, there is no reasonable possibility that Plaintiff can prevail on the state court claims against A-Max. A-Max is improperly joined to defeat diversity, and must be dismissed.

**B.     The Amount in Controversy Exceeds the Jurisdictional Requirements**

12. It is undisputed that the amount in controversy exceeds the $75,000 jurisdictional requirement. For the purposes of determining the amount in controversy, unless the law provides otherwise, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 288 (1938); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995). In his petition, Plaintiff asserts that he seeks damages in the amount of $200,000.00 plus costs and interest." Exhibit A, Pet. at page 3. Accordingly, the amount in controversy threshold is satisfied.

13. A defendant can carry its burden by showing that it is either facially apparent from a plaintiff's petition that the plaintiff's claims are likely to exceed $75,000.00, or by presenting summary judgment-type evidence that the amount in controversy is likely to exceed the jurisdictional minimum. *Gebbia*, 233 F.3d at 881; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Such "tests are applied in order, and only if the "facially

apparent" test is not met, do we require "summary judgment" type evidence of the amount in controversy." *Pollet v. Sears Roebuck & Co.*, 46 Fed. Appx. 226, *2-3 (5th Cir. 2002).

14. Here, it is facially apparent that the amount in controversy in the instant case exceeds $75,000. *See Gebbia*, 233 F.3d at 881. Plaintiff has alleged that he is seeking relief in excess of $200,000.00. *See* Ex. A. By pleading damages in excess of $200,000.00, Plaintiff acknowledges that he is seeking at least a sum of damages in a six-figure range, clearly exceeding the $75,000.00 threshold.

15. Defendant has produced ample evidence for the Court to find removal appropriate. Defendant has met its burden to prove by a preponderance of the evidence that Plaintiff's claims are likely to exceed $75,000.00. Consequently, the Court can find that the amount in controversy requirement has been satisfied to have this case properly removed to this Court.

## III.
## THE REMOVAL IS PROCEDURALLY CORRECT

16. A-Max was first served with Plaintiff's Original Petition and process on March 12, 2021. A-Max files this Notice of Removal within the thirty-day period required b 28 U.S.C. § 1446(b).

17. Venue is proper in this district and division under 28 U.S.C. § 1446(a) because this District and Division includes the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

18. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, all executed processes, all pleadings, signed orders, a copy of the docket sheet, and an index will be filed contemporaneously with this Notice.

19. Because Defendant A-Max has been improperly joined, its consent is not needed to comply with 28 U.S.C. §1446(b). *Rico v. Flores,* 481 F.3d 234, 239 (5th Cir. 2007); *Escalante v. Deere & Co.,* 3 F.Supp.3d 587, 590 (S.D. Tex. 2014).

20. Pursuant to 28 U.S.C. § 1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to the Plaintiff, the adverse party.

21. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of Bexar County District Court, promptly after Defendant files this Notice.

## IV.

## CONCLUSION

Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant A-Max Automobile Insurance Company hereby removes this case for trial and final determination and requests that the Court dismiss the claims against Defendant A-Max Automobile Insurance Company with prejudice.

Respectfully submitted,

BUSH & RAMIREZ, PLLC

BY:  */s/George T. Jackson*
George T. Jackson
SBN: 10466950
Gjackson.atty@bushramirez.com
5615 Kirby Drive, Suite 900
Houston, TX  77005
(713) 626-1555 phone
(713) 622-8077 fax

**Attorneys for Defendant,**
**A-MAX AUTOMOBILE**
**INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 9, 2021, a true and correct copy of this instrument was forwarded to all known counsel, using the Court's CM/ECF system, in accordance with the Federal Rules of Civil Procedure and applicable Local Rules.

**Via E-service**
Andrew Toscano
Gene Toscano, Inc.
846 Culebra Road
San Antonio, TX 78201

                                                */s/George T. Jackson*
                                                 George T. Jackson